UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN MCCANN<br><br>Plaintiff,<br><br>v.<br><br>SHIRLEY S. HILL, *et al*.<br><br>Defendants | Case No. 20-6435 (NLH/MJS)<br><br>**ORDER CERTIFYING CLASS & ORDER PRELIMINARILY APPROVING SETTLEMENT** |

This case came before the Court on Plaintiff's Unopposed Motion for Class Certification and Preliminary Approval of Class Action Settlement, ECF No. 51. Based upon the Court's review of the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval and the Declaration of R. Joseph Barton ("Barton Decl.") and the exhibits attached thereto, the Court will certify the Class, grant preliminary approval of the Settlement, and finds as follows:

**Class Certification**

1. Counts I-V are hereby certified as a class action pursuant to Rule 23(b)(1) and (b)(2) on behalf of the following Class:

> All participants in the InterArch, Inc. Profit Sharing Plan at any time between March 6, 2018 to the present (except those who terminated without vesting) and the beneficiaries of any such participants.
>
> Excluded from the Class are (1) Defendants, (2) any fiduciaries of the Plan, who are alleged to have engaged in prohibited transactions or breaches of fiduciary duties, or who had decision-making or administrative authority relating to the administration, investment allocation, modification, funding, or interpretation of the Plan, (3) any beneficiaries of the foregoing as well as any members of their immediate families and (4) any of their successors, executors, or assigns.

2. The Court finds that Counts I-V satisfy the requirements of Fed. R. Civ. P. 23(a)

as follows:

    a.    The Class consists of at least 26-51 individual Plan Participants and their beneficiaries. Weighing judicial economy, the claimants' ability and motivation to litigate as joined plaintiffs, the financial resources of class members, and the fact that the claims are for injunctive relief, joinder of all Class members would be impracticable. *See In re Modafinil Antitrust Litig.*, 837 F.3d 238, 253 (3d Cir. 2016).

    b.    Each claim raises common questions of law and fact. The issues of liability on each count are common to all members of the Class and are capable of common answers as those issues primarily focus on defendants' acts (or failure to act). The common issues include whether the fiduciary defendants breached various fiduciary duties to the Plan, whether Defendants engaged in prohibited transactions, whether the Plan suffered losses as a result of the fiduciary breaches and other violations, and what is the appropriate relief for Defendants' violations of ERISA.

    c.    Plaintiff's claims are typical of those of the Class because they arise from the same event, practice and/or course of conduct and seek the same relief. Plaintiff's claims are also typical because they generally seek recovery and relief on behalf of the Plan. Defendants do not have any unique defenses against Plaintiff.

    d.    Plaintiff and his counsel have no interests antagonistic to the Class and Plaintiff has retained counsel with extensive experience litigating ERISA class actions. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

3.  Counts I-V meet the requirements of Fed. R. Civ. P. 23(b)(1) because the fiduciaries of the Plan are required by law to interpret and consistently apply the terms of the Plan to all similarly-situated participants.  As such, varying or inconsistent adjudications regarding, e.g., the duties of fiduciaries, the rights of participants under the Plan, or the appropriateness of the Plan's investments would establish incompatible standards of conduct.  For similar reasons, an adjudication regarding these issues would, as a practical matter, adjudicate these issues with respect to the other participants in the Plan.  Additionally, the monetary relief sought would be paid to the Plan and then allocated to Class members' individual accounts.

4.  Counts I-V also meet the requirements of Fed. R. Civ. P. 23(b)(2).  First, Defendants have acted and failed to act on the same grounds as to all members of the Class by allegedly (a) breaching their fiduciary duties and (b) engaging in prohibited transactions.  Second, Plaintiff's claims primarily seek declaratory and injunctive relief.  To the extent that monetary relief is awarded, any monetary relief would flow from the declaratory relief.  As a result, the monetary relief will not determine the key procedures to be used, will not introduce any new and significant factual or legal issues, and will not require individualized hearings.  Thus, the lawsuit primarily, if not exclusively, seeks final declaratory and injunctive relief.

5.  Because Counts I-V meet the requirements for certification under Fed. R. Civ. P. 23(b)(1) and 23(b)(2), the Court need not address whether these claims may also be certified under 23(b)(3).

6.  Plaintiff Jonathan McCann is appointed the representative of the Class.

7.  R. Joseph Barton of Block & Leviton LLP and Adam Garner of The Garner Firm, Ltd. are appointed Co-Lead Class Counsel.

### Preliminary Approval of the Settlement

8. Preliminary approval is the first step in the class settlement process. The request for preliminary approval only requires an "initial evaluation" of the fairness of the proposed settlement. *Manual for Complex Litigation* § 21.632 (4th ed. 2004). The purpose of preliminary approval is to determine "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013).

9. In granting preliminary approval, the Court considers "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013). Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Shapiro v. All. MMA, Inc.*, No. CV 17-2583 (RBK/AMD), 2018 WL 3158812, at *2 (D.N.J. June 28, 2018); *Atis v. Freedom Mortg. Corp.*, No. CV 15-03424 (RBK/JS), 2018 WL 5801544, at *2 (D.N.J. Nov. 6, 2018) (applying same "obviously deficient" standard); *Rudel Corp. v. Heartland Payment Sys., Inc.*, No. 16-cv-2229, 2017 WL 4422416, at *2 (D.N.J. Oct. 4, 2017) (same).

10. The Court finds that the Settlement Agreement is within the range of reasonableness, is the result of serious, informed, and non-collusive negotiations and does not have any obvious deficiencies. The Settlement Agreement is the result of arm's length negotiations. The assistance of the Honorable United States Magistrate Judges Joel Schneider and Matthew Skahill as mediators reinforces that the Settlement Agreement is non-collusive. *See Alves v. Main*, No. 01-cv-789, 2012 WL 6043272, at *22 (D.N.J. Dec. 4, 2012) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties."), *aff'd*,

559 F. App'x 151 (3d Cir. 2014).

11. The proposed Settlement provides substantial relief to the Class and falls within the range of reason. The monetary component of the Settlement Agreement provides for payment of $950,000 to a settlement fund for the benefit of the Class, which Class Counsel represents is approximately 18% of the maximum amount that Class members could likely recover at trial. This result is in line with class settlements approved by other courts of this Circuit in complex class action cases. *See In re Corel Corp. Sec. Litig.*, 293 F.Supp.2d 484, 490 (E.D.Pa.2003) (approving a settlement amounting to 15% of provable damages); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 144 (E.D.Pa.2000) ("The settlement that was achieved represents approximately seventeen percent of single damages to the class, an amount significantly higher than the proportion of damages obtained in settlement agreements approved by other courts." (citing *In re Crazy Eddie Sec. Litig.*, 824 F.Supp. 320, 324 (E.D.N.Y.1993))); *In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 183 (E.D. Pa. 2000) (approving monetary settlement of 5.2% to 8.7% of best possible recovery for class members).

12. The Settlement Agreement does not suffer from any obvious deficiencies, such as preferential treatment of the Class representative. No class member or group of Class members will receive unduly favorable treatment under the terms of the Settlement Agreement.

13. The Court finds that there are no grounds to doubt the fairness of the Settlement Agreement or the Plan of Allocation and concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the class is appropriate.

**Preliminary Approval of the Settlement**

14. The Plan of Allocation provides that the Settlement Fund will be divided among Plan participants on a pro rata basis based on the losses in their accounts except that the relief to

Class Members who executed releases will be discounted by 75%, reflecting the greater risk that such Class Members might be barred from recovery based on Defendants' assertion of this affirmative defense. *See In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 494 (E.D. Pa. 2003) (approving plan of allocation providing for discounted relief for subset of Class based on the "liability factor, that is, plaintiffs' counsel's estimation of the strengths and weaknesses of the evidence of [defendant's] liability" as between different class members' claims).

15. The Court finds that the Plan of Allocation is fair, reasonable, and adequate and preliminarily approves the Plan of Allocation.

**Class Notice**

16. The Court approves the Proposed Notice of Class Action Settlement ("Class Notice") which is attached as Exhibit 2 to the Barton Declaration and directs its distribution to the Class.

17. The content of the Class Notice fully complies with due process and Federal Rule of Civil Procedure 23.

18. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> [The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Notice sent by first class mail is sufficient when the names and addresses of the class members are known. *See Giercyk v. Nat'l Union fire Ins. Co. of Pittsburgh, PA*, No. 2:13-CV-6272-MCA-MAH, 2016 WL 7209649, at *3 (D.N.J. Oct. 13, 2016); *In re Ocean Power Techs., Inc., Sec. Litig.*, No. 14-3799 (FLW) (LHG), 2016 WL

7638464, at *2 (D.N.J. June 7, 2016).  Here, the names, mailing addresses of the Plan Participants, and email addresses of all but one of the Plan Participants are known, and thus notice to the Class by both first-class mail and email to the Plan Participants is appropriate where possible.  Accordingly, Notice will be given by first-class mail and email to all Plan Participants whose mailing addresses and emails are both known.   If only an email address is known, and not a mailing address as well, service of the Notice by email alone is sufficient.  Likewise, if only a mailing address is known, and not an email address as well, service of the Notice by mail alone is sufficient.

19. A proper notice should include "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B); *see* Manual for Complex Litigation, supra, § 21.312. Here, the proposed notice to the Class provides information on these subjects and informs Class Members about their rights under the Settlement as well as their right to be heard at the final Fairness Hearing.

20. The Court appoints RG/2 Claims Administration LLC as the Settlement Administrator for providing Class Notice and otherwise assisting in administration of the Settlement.  The Settlement Administrator shall provide notice to the Class no later than May 2, 2022.  The Settlement Administrator will file a declaration with the Court confirming that the Class Notice was sent in accordance with this Order by May 9, 2022.

**Class Action Settlement Procedures**

21. To the extent not already produced, Defendants will produce to Class Counsel the

7

Class Data required pursuant to Section III.7 to the extent such Class Data is reasonably available to Defendants.

22. Any Class Member or his, her or its counsel who wishes to object to the Settlement or otherwise to be heard concerning the Settlement shall timely inform both class counsel and the District Court in writing of his, her or its intent to object to the Settlement and/or to appear at the Fairness Hearing by following the procedures set forth in the Class Notice ("Objection"). To be considered timely, the Objection must bear a postmark that is no later than July 4, 2022. The Objection must set forth at least the following: (a) the full name, address and contact information for the Objector and the name and address of counsel (if represented by counsel); (b) a written statement of any and all objections to this Settlement and any supporting papers and arguments; (c) the signature of the Objector (or his attorney).

23. Defendants' counsel and Plaintiffs' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

24. Any Class Member or other person who fails to timely serve his, her or its Objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement. To the extent that any objections or comments are transmitted to the Settlement Administrator, or the Parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

25. The Settlement Fund will be deemed and considered to be *in custodia legis* of the Court and will remain subject to the jurisdiction of the Court until such time as such funds will be distributed pursuant to the Settlement Agreement and/or the order of the Court.

26. Class Counsel will file any Motion for Attorneys' Fees, Costs, and any motion for

Class Representative Service Award by May 27, 2022.

27. Neither Defendants nor Defendants' counsel will have any responsibility for the Plan of Allocation or will make any application for or take any position on attorneys' fees or reimbursement of expenses submitted by Co-Lead Class Counsel.

28. Class Counsel shall file a Motion for Final Approval of the Settlement by July 22, 2022.

29. Defendants shall file any motion or brief in support of any additional findings requested of the Court on Final Approval by July 22, 2022.

30. The Court will hold a final fairness hearing on August 16, 2022 at 10:00 A.M. at the United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101. The Court may continue the date of the final fairness hearing without further notice to the Class, but any such continuance shall be publicized on the settlement website as a responsibility of the Settlement Administrator.

It is so ORDERED this  8th  day of  April , 2022.

s/ Noel L. Hillman
Hon. Noel L. Hillman
United States District Judge