# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN MCCANN on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SHIRLEY S. HILL, VERNON W. HILL II, and INTERARCH, INC.,<br><br>*Defendants*, and<br><br>INTERARCH, INC. PROFIT SHARING PLAN AND TRUST,<br><br>*Nominal Defendant* | Case No. 20-6435 (NLH/MJS)<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED SUPPLEMENTAL MOTION FOR PRELIMINARY APPROVAL OF AMENDMENT TO CLASS ACTION SETTLEMENT** |

**INTRODUCTION**

With the assistance of two Magistrate Judges of this Court, Plaintiff and Defendants reached a settlement in this case on behalf of a 51-member (now certified) Class consisting of participants in the InterArch Profit Sharing Plan and Trust and their beneficiaries. The settlement proposed to resolve the claims of the Class for a payment by Defendants of $950,000 (plus all settlement administration expenses), where the monetary amount was between 15.6% and 18.6% of the Class's maximum losses. The Court preliminarily approved that Settlement. ECF No. 63. And no Class Member objected to the Settlement. *See* ECF No. 57.

An independent fiduciary hired by Defendants to review the terms of the Settlement refused to find the Settlement satisfied the Prohibited Transaction Exemption 2003-39. Because the independent fiduciary would not approve the Settlement, Defendants exercised their right to terminate it. ECF No. 58 ¶ 3. The two and half page letter by the independent fiduciary does not explain its rationale, but merely concludes that the Settlement "consideration is inadequate to restore the Plan's losses resulting from the Defendants' violations." Based on information conveyed by the independent fiduciary though Defendant's counsel, the independent fiduciary raised concerns regarding the 75% discount in the Plan of Allocation to the claims of certain Class Members who had executed releases of their claims.[1] This discount was applied because their claims involved heightened risk if they were to be fully litigated by the parties and these claims members received a $500 payment in exchange for their release that non-releasing class members did not receive. ECF No. 51-1 at 25-30. The parties, through their counsel, engaged in further

---

[1] The Plan of Allocation is not a term of the settlement but is modifiable by the Court without affecting the finality of the Settlement. Under PTE 2003-39, the Independent Fiduciary is only supposed to assess the terms of the Settlement, not the Plan of Allocation. This likely explains why the Independent Fiduciary's actual opinion does not address the Plan of Allocation.

1

negotiations and have agreed to an Amendment to the Class Action Settlement Agreement. Barton Decl. Ex. 1 ("Amend."). Under the terms of the Amendment, Defendants will pay an additional $562,055.79 in addition to the previously agreed amount of $950,000.00 cash consideration for settlement, with the additional amount to be distributed among the nine Class Members who executed releases of claims and had more than nominal losses. Amend. §§ II(1), IV(1). The total cash consideration of the Settlement is now $1,512,055.79.

The Settlement as amended is more favorable to the Class than the Settlement previously approved by the Court in that it affords significantly increased monetary relief—a nearly 60% increase. The allocation of these additional funds among the releasing Class Members (a condition required by Defendants for payment of the additional funds) will make no Class Member worse off than under the original settlement. The Modified Plan of Allocation is also fair because it applies the additional $562,055.79 to offset the 75% discount; if the 75% discount were simply eliminated and the new total allocated among all Class Members (except to account for whether they received $500.00), the Class Members who did not sign releases would receive less than under the original settlement. Therefore, The Amended Settlement and the Modified Plan of Allocation are both fair, adequate, and reasonable, and should be preliminarily approved.

## BACKGROUND

The factual background and procedural history of this case prior to settlement are set forth in Plaintiff's original Motion for Preliminary Approval. ECF No. 51. The Court certified this case as a class action and preliminarily approved the Settlement on April 8, 2022. ECF No. 62. On June 29, 2022, the Independent Fiduciary engaged by Defendants issued an opinion in which it found that the Original Class Settlement did not meet the requirements of Prohibited Transaction Exemption 2003-39. ECF No. 58 at ¶ 2. On July 22, 2022, the parties filed cross motions to extend

the deadlines regarding the class action settlement and notified the Court that Defendants had given notice of their intent to withdraw from the settlement—which would become effective only 30 days after such notice if no agreed modification was reached. ECF Nos. 56 and 58. Thereafter, counsel for the Parties advised the Court that the parties have reached an agreement in principle to amend the settlement and the plan of allocation. ECF No. 59. After a hearing on August 16, 2022, Court ordered the parties to submit a new motion for Preliminary Approval of the Class Action Settlement. ECF No. 63.

The parties have entered an Amendment to the Settlement Agreement, which should resolve any concerns by the Independent Fiduciary, and provides for additional monetary relief. Under the Amendment to the Settlement Agreement, Defendants will pay $562,055.79 (the "Additional Cash Settlement Amount") into the Settlement Fund—in addition to the $950,000.00 promised and paid under the terms of the original Settlement Agreement—for a total monetary payment of $1,512,055.79 by Defendants. Amend. § II(1). Under the terms of the original plan of allocation proposed by Class Counsel, the net settlement amount was allocated among participants based on their pro rata share of the losses of the class, except that the losses used to calculate participants' pro rata share of the settlement proceeds were reduced by seventy-five percent (75%) for participants who signed an Agreement and Release provided by the Defendants in May 2020 (and also reduced by the $500.00 received by Class Members who released their claims). This reduction was intended to reflect the risk to the claims because the participant agreed to release claims raised in Complaint. The Plan of Allocation also established a minimum payment of $50 to ensure that no participant received less than $50. Under the Amendment to the Settlement Agreement, the additional payment will be allocated and distributed among the nine Class

3

Members who signed releases and under the original Plan of Allocation would have received more than the minimum payment of $50. Amend. § IV(1).

Upon final approval and the Settlement becoming non-appealable, the Settlement Amount (including the Additional Cash Settlement Amount), will be distributed to Class Members accounts in the Plan in a manner that is designed to preserve the tax-favored nature of the payments. The Plan's administrator will allocate the net settlement amount to the Class Members' Plan accounts pursuant to Class Counsel's proposed Modified Plan of Allocation, to be approved by the Court.

## ARGUMENT

**I.   The Amendment to the Settlement Agreement Provides Additional Relief to the Class Beyond the Class Action Settlement Agreement the Court Previously Held Fair, Reasonable, and Adequate, and thus is Itself Fair, Reasonable, and Adequate.**

The Amendment to the Class Action Settlement Agreement modifies the previously approved Settlement Agreement in only two material respects. First, it provides for the payment of the Additional Cash Settlement Amount—$562,055.79 in new money—into the Settlement Fund. Amend. § II(1). Second, it provides that Class Counsel will propose a Modified Plan of Allocation identical to that previously approved by the Court except that the Additional Cash Settlement Amount will be allocated and distributed among the nine Class Members who signed releases and under the original Plan of Allocation and who would have received more than the minimum payment. *Id*. § IV(1).

The purpose of this modification is to address certain concerns raised by the independent fiduciary engaged by Defendants to evaluate the terms of the settlement. Defendants engaged that independent fiduciary pursuant to the Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation (PTE 2003-39). That exemption applies to certain transactions that might otherwise be prohibited by ERISA (here, the release of claims held by the Plan against Defendants) subject to requirements including approval by an independent fiduciary.

4

75 FR 33730 § II. The independent fiduciary did not approve the original Settlement Agreement and instead recommended that the Plan should object to the proposed Settlement. ECF No. 58 at ¶ 2. Defendants' counsel represented that the independent fiduciary expressed that it was concerned with the 75% discount applied under the Plan of Allocation to the losses of Class Members who had executed releases. Barton Decl. at ¶ 3; Garner Decl. at ¶ 4. This Court previously preliminarily approved the original Plan of Allocation as fair, adequate, and reasonable in light of the litigation risk attached to the releasing Class Members and no Class Member objected to that Plan of Allocation. S*ee* ECF No. 53 at ¶ 14; ECF No. 51-1 at 25-30. But the Amendment to the Settlement Agreement and Modified Plan of Allocation provide greater relief to these Class Members using only new money, without reducing the expected recovery of other Class members.

These modifications do not disturb the Court's prior findings that the Settlement is fair, adequate, and reasonable. This Settlement was reached only as a result of extensive "arm's length negotiations" with the "assistance of the Honorable United States Magistrate Judges Joel Schneider and Matthew Skahill as mediators," which "virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties." ECF No. 53 at ¶ 10 (quoting *Alves v. Main*, No. 01-cv-789, 2012 WL 6043272, at *22 (D.N.J. Dec. 4, 2012)). The Court also previously held that the proposed Settlement "provides substantial relief to the Class and falls within the range of reason" in that the monetary payment of $950,000 represented approximately 18% of the maximum Class Counsel believes Class members could likely recover at trial. *Id.* at ¶ 11. With the addition of $562,055.79 (for a total monetary payment of $1,512,055.79), the recovery for the Class has improved to approximately 29% of the maximum Class members could likely recover at trial. As with the original settlement, this result is better than that reached in settlements approved by other courts of this Circuit in complex class action

5

cases. *See In re Corel Corp. Sec. Litig.*, 293 F.Supp.2d 484, 490 (E.D. Pa. 2003) (approving a settlement amounting to 15% of provable damages); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 144 (E.D. Pa. 2000) ("The settlement that was achieved represents approximately seventeen percent of single damages to the class, an amount significantly higher than the proportion of damages obtained in settlement agreements approved by other courts.") (citing *In re Crazy Eddie Sec. Litig.*, 824 F.Supp. 320, 324 (E.D.N.Y. 1993)); *In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 183 (E.D. Pa. 2000) (approving monetary settlement of 5.2% to 8.7% of best possible recovery for class members).

The Amended Settlement Agreement does not suffer from any obvious deficiencies. The Class Representative will receive no additional monetary relief as a result of the additional payment by Defendants. Barton Decl. ¶ 5. Class Counsel will not seek any additional attorneys' fees from the additional payment. Amend. § VI(1).[2] And no Class Member or group of Class Members will receive unduly favorable treatment under the terms of the Amended Settlement Agreement. *See infra* Part II. Because the only material modification to the Settlement consists of the payment of additional money to the Class over and above that provided by the previously approved Settlement, the Amendment to the Class Action Settlement Agreement is fair, adequate, and reasonable.

## II.        The Modified Plan of Allocation Should be Preliminarily Approved.

"The [a]pproval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole: the distribution plan must be fair, reasonable and adequate." *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No.

---

[2] Class Counsel may submit additional declarations in advance of final approval updating their lodestar cross-check calculations to reflect the additional work performed by Class Counsel since submission of their original motion for attorneys' fees.

CV157658MASLHG, 2021 WL 358611, at *3 (D.N.J. Feb. 1, 2021). "A district court's 'principal obligation' in approving a plan of allocation 'is simply to ensure that the fund distribution is fair and reasonable as to all participants in the fund.'" *Sullivan v. DB Invs., Inc.,* 667 F.3d 273, 326 (3d Cir. 2011) (quoting *Walsh v. Great Atl. & Pac. Tea Co., Inc.,* 726 F.2d 956, 964 (3d Cir. 1983)). "In determining whether a [p]lan of [a]llocation is fair, reasonable, and adequate, courts give great weight to the opinion of qualified counsel." *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. 08-1432, 2012 WL 1964451, at *6 (D.N.J. May 31, 2012).

Here, the Modified Plan of Allocation proposes to allocate the Net Settlement Fund (excepting the Additional Cash Settlement Amount) pro rata to class members who would have been entitled to a distribution based on estimated individual losses during the Class Period resulting from Defendants' malinvestment. Barton Decl. Ex. 1. A 75% discount is applied to claims for the accounts where the participant signed a release based on Class Counsel's assessment of the risk of the release defense. Barton Decl. Ex. 1. The Court previously approved this same approach in the original Plan of Allocation. ECF No 53 at ¶¶ 14-15. The only change is that the Additional Cash Settlement Amount will be allocated and distributed among the nine Class Members who signed releases and under the original Plan of Allocation would have received more than the minimum payment of $50, likewise pro rata based on their estimated individual losses. Barton Decl. Ex. 1. The purpose of this is to partially offset the effect of the 75% reduction.

This allocation of the Additional Cash Settlement Amount is fair, adequate, and reasonable. It provides greater relief to Class Members who had more than nominal losses but who signed releases of their claims against Defendants. Class Counsel considered two approaches to distributing the Additional Cash Settlement Amount: (1) the approach proposed here: the Additional Cash Settlement Amount would be distributed among the nine Class Members who

7

signed releases and under the original Plan of Allocation would have received more than the minimum payment of $50; (2) the other approach would be to allocate the entire Net Settlement Fund (inclusive of the Additional Cash Settlement Amount) without any discount where participants executed releases (except to take into account the $500 that was paid to participants who signed releases). Garner Decl. ¶ 6. Based on Class Counsel's analysis, the Class Members who did not sign releases will receive a higher monetary recovery under the first approach than the second approach. *Id*. at ¶ 7. Thus, the Modified Plan of Allocation ensures that no Class Member will receive less than what they would have received under the original Plan of Allocation. *Id*. at ¶ 8.

"The district court has discretion to approve modified plans of allocation." *In re Exxon Valdez*, No. A89-0095-CV (HRH), 1996 WL 384623, at *19 n.71 (D. Alaska June 11, 1996), *aff'd*, 161 F.3d 12 (9th Cir. 1998); *see In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 179, 183 (2d Cir.1987). Here, additional money will be paid to the Class, with the payment of those additional funds conditioned on Class Counsel proposing a Plan of Allocation that provides additional recovery to Class Members who executed releases. No member of the Class will receive less than what they would have received under the original Plan of Allocation and the nine Class Members who executed releases will receive more (although it will not fully offset the 75% reduction). The Modified Plan of Allocation thus does not unduly favor any segment of the Class, is based on rationale considerations based on their differing circumstances and therefore is fair, adequate, and reasonable, and should be approved.

**III.    The Proposed Form of Class Notice and Notice Plan Should Be Approved.**

Rule 23 requires the court to "direct notice in a reasonable manner to all class members who would be bound by [a proposed settlement, voluntary dismissal, or compromise]." Fed. R. Civ. P. Rule 23(e)(1). Notice to the Class satisfies due process if it is "reasonably calculated under

8

all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mehling*, 246 F.R.D. 467, 477 (E.D. Pa. 2007). "To meet this standard, notice must inform class members of (1) the nature of the litigation; (2) the settlement's general terms; (3) where complete information can be located; and (4) the time and place of the fairness hearing and that objectors maybe heard." *Id.*; *see In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 180 (3d Cir. 2013) (same).

Rule 23(e) affords the district court some discretion as to the manner of the notice. Fed. R. Civ. P. 23(e)(1). It is well-established that notice sent by first class mail to each member of the class "who can be identified through reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-77 (1974). In recent years, courts have also approved notice by email. *See, e.g., Saint v. BMW of N. Am., LLC*, No. CIV.A. 12-6105 CCC, 2015 WL 2448846, at *8 (D.N.J. May 21, 2015); *Skeen v. BMW of N. Am., LLC*, No. 2:13-CV-1531-WHW-CLW, 2016 WL 4033969, at *7 (D.N.J. July 26, 2016) (finding that a 94 percent email success rate met the notice requirements of Fed. R. Civ. P. 23(c)(2)(B)).

Here, the Settlement Administrator will send Supplemental Notice by email or first-class U.S. mail to each Class Member more than two months prior to the Fairness Hearing. Because all Class members have Plan accounts or are the beneficiaries of participants with Plan accounts, the Plan has last known addresses for them and has their Social Security numbers, which can be used to do an address update if Notices are returned as undeliverable. All Class Members have already received notice of the Settlement previously preliminarily approved by the Court. The Supplemental Class Notice thus only addresses the modifications made by the Amendment and the changes to the schedule (including the renewed opportunity for members of the Class to make objections). The Class Notice describes in plain language: (i) the Amendment's terms and

operations; (ii) the procedure and timing for objecting to the Amended Settlement or the Modified Plan of Allocation; and (iii) the date and place for the Fairness Hearing. As such, it should be approved by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Approval of the Amendment to the Class Action Settlement Agreement should be granted.

        Respectfully submitted,

        /s/ Adam H. Garner
        Adam Harrison Garner (035482004)
        Melanie J. Garner (004982004)
        THE GARNER FIRM, LTD.
        1617 John F. Kennedy Blvd., Suite 550
        Philadelphia, PA 19103
        (215) 645-5955 (Tel)
        (215) 645-5960 (Fax)
        adam@garnerltd.com
        melanie@garnerltd.com

        R. Joseph Barton
        (*Pro Hac Vice*)
        BLOCK & LEVITON LLP
        1633 Connecticut Ave., NW, Ste. 200
        Washington D.C. 20009
        Telephone: (202) 734-7046
        Fax:     (617) 507-6020
        jbarton@blockleviton.com

        *Attorneys for Plaintiff and the Class*

Dated: September 15, 2022

11