# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN MCCANN<br><br>Plaintiff,<br><br>v.<br><br>SHIRLEY S. HILL, *et al.*<br><br>Defendants | Case No. 20-6435 (NLH/JS)<br><br>**FINAL APPROVAL ORDER ON CLASS ACTION SETTLEMENT** |

This case came before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 72. Based upon the Court's review of the Memorandum of Law in Support of Plaintiff's Motion for Final Approval, the accompanying declarations and exhibits as well as all other relevant parts of the record, Final Approval of the Settlement,[1] as amended, is GRANTED under Rule 23(e) based on the following findings:

**Jurisdiction**

1.  The Court has personal jurisdiction over Plaintiffs, Defendants, and members of the Class pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, including but not limited to jurisdiction to finally

---

[1] Following the Court's initial grant of preliminary approval on April 8, 2022 (ECF No. 53), the independent fiduciary engaged by Defendants pursuant to the terms of the Settlement Agreement opined that the Settlement Agreement and Class Counsel's proposed Plan of Allocation did not satisfy Prohibited Transaction Exemption 2003-39. The parties subsequently entered into an Amendment to Class Action Settlement Agreement dated September 15, 2022 (ECF No. 64-2) (the "Amendment") providing for additional monetary relief to certain members of the Class. The Court granted preliminary approval of the Amendment and the Modified Plan of Allocation proposed by Class Counsel. ECF No. 68. As used in this Order, the term "Settlement" refers to the Class Action Settlement Agreement as modified by the Amendment. The independent fiduciary engaged by the Defendants has opined that the Amendment and Modified Plan of Allocation resolved its concerns and that the Settlement now satisfies Prohibited Transaction Exemption 2003-39.

approve the proposed Settlement

**The Class**

2. The Class that the Court previously certified by its Order of April 8, 2022, is hereby finally certified for settlement purposes under Rule 23(a) and 23(b)(1) and (2):

> All participants in the InterArch, Inc. Profit Sharing Plan at any time between March 6, 2018 to the present (except those who terminated without vesting) and the beneficiaries of any such participants.
>
> Excluded from the Class are (1) Defendants, (2) any fiduciaries of the Plan, who are alleged to have engaged in prohibited transactions or breaches of fiduciary duties, or who had decision-making or administrative authority relating to the administration, investment allocation, modification, funding, or interpretation of the Plan, (3) any beneficiaries of the foregoing as well as any members of their immediate families and (4) any of their successors, executors, or assigns.

3. Pursuant to Rules 23(a)(4) and 23(g), the Court confirms its prior appointment of Jonathan McCann as representative of the Class and of R. Joseph Barton of Block & Leviton LLP and Adam Garner of The Garner Firm, Ltd. as Co-Lead Class Counsel. The Court finds that the Class Representatives and Co-Lead Class Counsel have fully and adequately represented the interests of the Class for purposes of entering into and implementing the Settlement Agreement and have satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**Class Notice**

4. The distribution of the Notice of Class Action Settlement and Notice of Amendment to Class Action Settlement were in accordance with the terms of the Settlement and the Court's Preliminary Approval Orders, and (a) constituted the best practicable notice to members of the Class under the circumstances of this action, (b) was reasonably calculated to apprise members of the Class of the pendency of this action, their right to object to any aspect of the proposed Settlement (including the fairness, reasonableness, or adequacy of the Class's representation by Class Counsel or their requested award of attorneys' fees and expenses or the

Modified Plan of Allocation), their right to appear at the Final Approval Hearing, and the binding effect of the orders and final judgment as to all claims against Defendants in this action, whether favorable or unfavorable, on all members of the Class, (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (d) fully satisfied the requirements of the Federal Rules of Civil procedure (including Rules 23(c)(2) and (e)), the United States Constitution, and any other applicable law).

### Class Action Fairness Act Notice

5. Defendants have caused to be served a notice of the proposed Settlement on appropriate state and federal officials in accordance with the requirements under the Class Action Fairness Act, 28 U.S.C § 1715(b), and have satisfied their obligations thereunder.

### The Fairness, Adequacy, and Reasonableness of the Settlement

6. In assessing the fairness of a class action settlement, a district court should consider several factors—called the *Girsh* factors—including:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 489 (3d Cir. 2017) (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The *Girsh* factors favor final approval.

7. The complexity, expense, and likely duration of the litigation favor final approval. Continued litigation would be complex, expensive, and lengthy. ERISA litigation is notoriously complex. This case was resolved at a relatively early stage, before extensive discovery. If the case had proceeded Plaintiff would have needed to serve discovery requests, take depositions,

engage experts, and survive dispositive motion practice, trial, and appeal. Plaintiff would also have faced objections to class certification.

8. The reaction of the class to the Settlement favors final approval. There have been no objections to the Settlement, Class Counsel's request for attorneys' fees or the Plan of Allocation.

9. The stage of the proceedings and the amount of discovery completed is neutral. While the case settled before extensive formal discovery, Plaintiff sought and received through the process of negotiating settlement data regarding the members of the class and their Plan accounts. Plaintiffs thus had access to sufficient information to quantify the Class members' losses, evaluate the merits of the case, and weigh the benefits of settlement against further litigation.

10. The risks of establishing liability favor final approval. While Class Counsel maintain that these claims are strong, they nonetheless faced risks in establishing liability on summary judgment, trial, and appeal.

11. The risks of establishing damages favor final approval. The parties have disagreed about the appropriate measure of loss to the Plan, including whether past profits from imprudent investments ought to be offset against the ultimate losses the Plan suffered. Depending on how the Court resolved this issue, it could have substantially impacted the monetary recovery for the Class.

12. The risks of maintaining the class action through the trial favor final approval. Certain members of the Class executed releases, and Defendants would have argued both that Plaintiff's claims were atypical of those of the releasing class members and that the non-releasing participants alone were insufficiently numerous to support a class action.

13. The ability of the defendants to withstand a greater judgment is neutral or slightly favors approval. There was an issue as to whether there was applicable insurance coverage for the class claims. Additionally, information available in the public record suggests that Defendants have substantial assets, but Class Counsel believes some of these assets may be located abroad and that there would be significant collection risk involved in satisfying any judgment.

14. The range of reasonableness of the settlement fund in light of the best possible recovery favors final approval. The Settlement is reasonable given the risks that Plaintiff would have faced at trial and comparable to those achieved in settlements that have been approved throughout this Circuit. *E.g., McDonough v. Toys R Us, Inc.*, 80 F.Supp.3d 626, 646 (E.D. Pa. 2015) (24% of estimated actual damages); *Jackson v. Wells Fargo Bank, N.A.*, 136 F.Supp.3d 687, 706 (W.D. Pa. 2015) (19.5% of class' best possible recovery at trial); *Barel v. Bank of Am.*, 255 F.R.D. 393, 402 (E.D. Pa. 2009) (recovery representing 5.2% of high end and 52% of low end of damages range of $2.7 to $27 million). They are likewise comparable to results achieved in other ERISA class action suits. *E.g., Mehling*, 248 F.R.D. at 462 (20% recovery); *Johnson v. Fujitsu Tech. and Bus. of Am., Inc.*, 16-CV-03698-NC, 2018 WL 2183253, at *5 (N.D. Cal. May 11, 2018) (10% recovery); *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 634 (7th Cir. 2011) (24.3% recovery). Many complex ERISA class actions settle for far less than these percentages. *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 463 (D. Md. 2014) (approving settlement that recovered 3.2% of estimated maximum losses); *In re WorldCom, Inc. ERISA Litig.*, No. 02-civ- 4816 (DLC), 2004 WL 2338151, at *6 (S.D.N.Y. Oct. 18, 2004) (7% recovery). This settlement significantly exceeds the average per participant result in many other ERISA class actions alleging breaches of fiduciary duty. *E.g. Marshall v. Northrop Grumman*

5

*Corp.*, No. 16-CV-6794 AB (JCX), 2020 WL 5668935, at *2 (C.D. Cal. Sept. 18, 2020) (describing settlement amounting to $77.34 average gross recovery as "exceptional"); *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2019 WL 1995314, at *5 (M.D.N.C. May 6, 2019) (average gross award of $342); *Will v. Gen. Dynamics Corp.*, No. CIV. 06-698-GPM, 2010 WL 4818174, at *1 (S.D. Ill. Nov. 22, 2010) (average gross award of $96.62).

15. The range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation favors final approval.

**Plan of Allocation and Distribution**

16. The Modified Plan of Allocation, ECF 64-23 Ex. 2, is a fair and reasonable method to allocate the Net Settlement Amount among members of the Class as set forth in the Settlement Agreement. The Plan of Allocation divides the Net Original Cash Settlement Amount pro rata among Class members based on Class Counsel's calculation of each Class member's losses, subject to a 75% discount where the Class Member agreed to a release of their claims against Defendants. Each member of the Class will receive a minimum allocation of $50. The Additional Cash Settlement Amount will be allocated pro rata among the nine (9) Plan accounts, based on their Recognized Claim, where the participant signed a release, had an account balance at the time the Plan was terminated, and would otherwise receive more than the $50.00 minimum allocation. The Plan of Allocation allocates payments among the individual accounts to the participants and beneficiaries in a manner such that similarly situated participants are not being treated differently. This is a fair and reasonable methodology.

17. The Court makes additional findings requested by Defendants (ECF No. 71) and unopposed by Plaintiffs' relating to the tax status of the Class Payments. Specifically, the Class Payments are: (i) made to resolve claims involving a reasonable risk of liability for a breach of

6

fiduciary duties; (ii) not excessive; (iii) allocated in such a way that they do not treat similarly situated participants differently; and (iv) are properly characterized as "restorative payments" pursuant to Internal Revenue Service Ruling 2002-45 and Section 415 of the Internal Revenue Code.

**Award of Fees to Class Counsel and Reimbursement of Expenses**

18.     In determining the appropriate percentage of the common fund to award as attorney's fees, the district court considers the following non-exhaustive list of factors:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by counsel; and (7) the awards in similar cases, and (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement.

*Halley*, 861 F.3d at 496. Class Counsel have requested an award of one-third of the common fund as attorneys' fees. The record supports an award in that amount.

     a. The size of the fund created and the number of persons benefitted favors the award, as do comparisons with awards in similar cases. Class Counsel has obtained a $1,512,055.79 common fund for the direct benefit of 26 participant Class members, an average of $58,155.99 per participant. This recovery compares favorably with those in other ERISA class actions. *See* ECF No. 55-1 at 6 (collecting cases).

     b. The absence of any objections by members of the class to the settlement terms and/or fees requested by counsel favors the award. There have been no objections to the Settlement or the attorneys' fees or expenses.

     c. The skill and efficiency of the attorneys involved favors the award. Class Counsel

     have extensive experience litigating ERISA class actions, ECF No. 53 at ¶ 2(d), and efficiently resolved this case at an early stage, before expensive and time-consuming formal discovery. *See Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 198 (3d Cir. 2000) (noting one purpose of percentage method "is to encourage early settlements by not penalizing efficient counsel").

d. The complexity of the litigation favors the award. *See Wachtel v. Health Net, Inc.*, 482 F.3d 225, 237 (3d Cir. 2007) ("ERISA is an enormously complicated statute."); *Pfeifer v. Wawa, Inc.*, No. CV 16-497, 2018 WL 4203880, at *7 (E.D. Pa. Aug. 31, 2018) (holding on final approval that "ERISA matters" are "quite complex").

e. The risk of nonpayment favors the award. Class Counsel represented Plaintiff on a contingent fee basis and faced the risk of non-payment if Plaintiff was not successful in this lawsuit. "Courts routinely recognize that the risk created by undertaking an action on a contingency fee basis militates in favor of approval." *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. CIV.A. 08-1432 DMC, 2012 WL 1964451 at *7 (D.N.J. May 31, 2012).

f. The amount of time devoted to the case by counsel favors the award. Class Counsel have collectively invested more than 600 hours of attorney and paralegal time to this action.

g. All of the benefits of the settlement are due to the litigation efforts of Class Counsel rather than to other groups, such as government agencies conducting investigations, which favors the award. Where, as here, Class Counsel "developed every aspect of their case without the benefit of a government indictment or criminal or civil judgments," this factor supports the award of

attorneys' fees. *In re Mercedes-Benz Emissions Litig.*, No. 216CV881KMESK, 2021 WL 7833193, at *14 (D.N.J. Aug. 2, 2021).

h. The percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained favors the award. "[I]f this were not a class-action litigation, a contingent fee in such a complex case would likely range between 30 and 40 percent of the recovery." *In re Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451, at *7; *see Whiteley v. Zynerba Pharms., Inc.*, No. 19-4959, 2021 WL 4206696, at *13 (E.D. Pa. Sept. 16, 2021) ("In private contingency fee cases, attorneys routinely negotiate agreements for between thirty percent and forty percent of the recovery."). In this case, Class Counsel's fee request is only one-third of the Original Settlement Fund ($950,000.00 plus accrued interest) and Class Counsel not sought to increase the dollar amount based on the increased Modified Settlement Amount; as such Class Counsel's fee request equates to only 20.9% of total settlement.

i. Finally, the settlement includes innovative terms that favors the award as Defendants are paying all costs of settlement administration and "the allocation plan allows Class Members to roll over the payment to an IRA or another plan and thus take advantage of the tax benefits of a tax-qualified retirement plan." *Pfeifer v. Wawa, Inc.*, 2018 WL 4203880, at *13 (E.D. Pa. 2018). The Settlement Agreement provides that the settlement payment is allocated to Class Members' individual Plan accounts and can be rolled over to an IRA or another plan. ECF No. 50 at § V.5(b).

19. In addition, the Court has reviewed Class Counsel's lodestar fees as a cross-check

9

for the requested common fund award. Co-Lead Class Counsel have submitted declarations stating the number of hours and hourly rate for each attorney and paralegal who worked on this matter (as well as their underlying time records). Co-Lead Class Counsel cite cases in which their rates have been approved. The approximately 0.98 multiple of lodestar fees sought by Class Counsel is modest and well within the range of reasonableness. *In re Valeant Pharms. Int'l, Inc. Third-Party Payor Litig.*, No. CV163087MASLHG, 2022 WL 525807, at *7 (D.N.J. Feb. 22, 2022) (holding a lodestar multiplier of less than one "is strong evidence that the requested fees are reasonable").

20. After consideration of these factors, the Court grants Class Counsel's motion for an award of attorneys' fees equal to one-third of the Original Settlement Fund.

21. Class Counsel is entitled to reimbursement of reasonable and necessary expenses incurred in the litigation of this action. Class Counsel request $3,781.40 as reimbursement for costs incurred over the course of this litigation, and specifically for expert costs, deposition costs, and travel expenses, which is less than the amount estimated in the Class Notice. Upon review of Class Counsel's request, the Court finds this request is reasonable and approves the reimbursement of $3,781.40 in litigation expenses to Class Counsel from the Settlement Fund. To the extent that Class Counsel subsequently incurs any additional expenses after final approval, they may apply for reimbursement of such expenses so long as those expenses do not exceed the $5,000.00 in the Class Notice.

**Releases**

22. The Settlement provides that Plaintiff and the Class will be deemed to have released any and all claims against Defendants set forth in the Complaint which were filed by Plaintiff on behalf of the Class (i.e. Counts I-V) or the claims that the Class Members have based on the same factual predicate as those claims. The Court finds that the scope of the release is

10

reasonable and consistent with Third Circuit law.

23. The Settlement provides that Defendants will be deemed to have released Plaintiff, each Class member, Plaintiff's counsel and Class Counsel from any and all claims that could have been asserted in this Action related to the filing of this Action, including any claims for attorneys' fees, costs, expenses, or sanctions, that relate to the filing, commencement, prosecution, or settlement of this Action, or that relate to challenging whether the correctness of any distribution or allocation in any of the Class Member's Plan accounts.

**Dismissal and Final Judgment**

24. The Court hereby dismisses this Action with prejudice. Nothing in this Order or in the Final judgment entered in connection with this Order shall preclude any action to enforce the Settlement Agreement or any other claims not released by the Settlement Agreement.

25. There is no just reason to delay entry of this Order and Final Judgment, and immediate entry by the Clerk of Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**Continuing Jurisdiction**

26. The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without affecting the finality of this Order and Final Judgment in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) enforcement, interpretation and implementation of the Settlement Agreement or the Plan of Allocation; (b) disposition of the Settlement Fund; (c) the payment of attorneys' fees, reimbursement of expenses, and class representative service awards, and (d) administration of the Settlement Fund, and (e) enforcement of any order of this Court.

For the reasons and based on the findings set forth herein, the Court hereby: (1) **GRANTS** final approval of the Settlement; (2) **GRANTS** Class Counsels' Motion for Fees and Costs, (3) **DISMISSES** this action with prejudice; and (4) enters final judgment in this action. The parties are ordered to carry out the Settlement as provided in the Settlement Agreement.

It is so **ORDERED** this 19th day of December, 2022.

*[signature]*

Hon. Noel L. Hillman
United States District Judge

At Camden, New Jersey